# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF WEST VIRGINIA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| SHANNON COLLINS | Case Number: 2:14-cr-00066 |
| | USM Number: 12214088 |
| | Defendant's Attorney: Brian D. Yost |

THE DEFENDANT :

X      pleaded guilty to Counts Seventeen and Twenty of the Indictment.

❑      pleaded nolo contendere to count(s)_____ which was accepted by the court.

❑      was found guilty on count(s) _____after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1341 | mail fraud | December 21, 2009 | 17 |
| 18 U.S.C. § 1029 | access device fraud | December 21, 2009 | 20 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

❑      The defendant has been found not guilty on count(s)_____.

X      Counts 1-16, 18, 19, and 21-35 are dismissed on the motion of the United States.

It is ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and the United States Attorney of material changes in economic circumstances.

Date of Imposition of Judgment: January 8, 2015
Date Signed: January 20, 2015

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

DEFENDANT:  SHANNON COLLINS
CASE NUMBER:  2:14-cr-00066

## PROBATION

The defendant is hereby sentenced to probation for a term of **5 years with the first year on home confinement**.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

X     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

X     The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X     The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

❏     The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

❏     The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptance reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement or act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: SHANNON COLLINS
CASE NUMBER: 2:14-cr-00066

## ADDITIONAL PROBATION TERMS

While on probation, the defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance. The defendant must also comply with the standard terms and conditions of probation as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, except the special condition that the defendant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer.

## SPECIAL CONDITIONS OF PROBATION

In addition, the defendant shall comply with the following special conditions of probation:

The Defendant shall comply with the Standard Conditions of Supervision adopted by the Southern District of West Virginia in Local Rule of Criminal Procedure 32.3, as follows:

1) If the offender is unemployed, the probation officer may direct the offender to register and remain active with Workforce West Virginia.
2) Offenders shall submit to random urinalysis or any drug screening method whenever the same is deemed appropriate by the probation officer and shall participate in a substance abuse program as directed by the probation officer. Offenders shall not use any method or device to evade a drug screen.
3) As directed by the probation officer, the defendant will make copayments for drug testing and drug treatment services at rates determined by the probation officer in accordance with a court-approved schedule based on ability to pay and availability of third-party payments.
4) A term of community service is imposed on every offender on supervised release or probation. Fifty hours of community service is imposed on every offender for each year the offender is on supervised release or probation. The obligation for community service is waived if the offender remains fully employed or actively seeks such employment throughout the year.
5) The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

As a special condition of probation, the defendant shall serve a 1-year term of home confinement, which shall include electronic monitoring, subject to the terms and conditions of the home confinement program administered by the Probation Office. While on home confinement, the defendant shall not leave the approved residence except for absences approved in advance for observance of religious services, employment, school, medical or other emergencies, or other absences approved in advance by the defendant's probation officer.

As part of the sentence, the defendant has been ordered to pay the special assessment and restitution. Monthly payment toward this obligation as set forth herein shall be a special condition of the defendant's supervised release.

The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer, and the defendant shall provide the probation officer access to any requested financial information.

The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the court-ordered financial obligations.

Further, the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.

DEFENDANT: SHANNON COLLINS
CASE NUMBER: 2:14-cr-00066

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Page 5.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS: | $200 | $0 | $58,264.00 |

❏ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* will be entered after such determination.

❏ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Christopher Nelson, Director WVDHHR Investigations & Fraud Management WV Capitol Complex Building 6, Room 817B Charleston, WV 25305 | $58,264.00 | $58,264.00 |  |
|  |  |  |  |
|  |  |  |  |
| TOTALS: | $58,264.00 | $58,264.00 |  |

❏ Restitution amount ordered pursuant to plea agreement $_____
❏ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Page 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).
❏ The court determined that the defendant does not have the ability to pay interest and it is ordered that the interest requirement is waived for the fine.
❏ The court determined that the defendant does not have the ability to pay interest and it is ordered that the interest requirement is waived for the restitution.
❏ The court determined that the defendant does not have the ability to pay interest and it is ordered that the interest requirement for the fine is modified as follows:
❏ The court determined that the defendant does not have the ability to pay interest and it is ordered that the interest requirement for the restitution is modified as follows:
X The Court waived the interest requirement on restitution.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

(Rev. 09/08) Judgment in a Criminal Case (*Probation*)

DEFENDANT: SHANNON COLLINS
CASE NUMBER: 2:14-cr-00066

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

❑ Lump sum payment of $_____ due immediately, balance due no later than _____.

X Lump sum payment of **$58,464.00** due immediately, balance due as set forth below:

X Special instructions regarding the payment of criminal monetary penalties: **The defendant shall pay the $200 special assessment and $58,264 restitution in monthly installments of $125 each, with the first payment becoming due 30 days after the defendant's sentencing. The defendant shall make the payments to the Clerk, United States District Court, P. O. Box 2546, Charleston, WV 25329.**

**Pursuant to W. Va. Code § 5-10A-8, the State of West Virginia is hereby authorized to set off against the restitution awarded to it in *US v. Collins* (case no 2:14-00066) any unpaid benefits in Ms. Collins's account held by the West Virginia Retirement Board. The West Virginia Department of Health and Human Resources shall notice the United States Court Clerk as to any monies received as a result of the offset in order to properly account for the remainder of the restitution owed by Ms. Collins.**

Unless the court expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

❑ Joint and Several
Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

❑ The defendant shall pay the cost of prosecution.

❑ The defendant shall pay the following court cost(s):

❑ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.